■ In the Matter of KENNETH F. MCCAMBRIDGE, Appellant, v UNIONDALE UNION FREE SCHOOL DISTRICT, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent school district, dated June 18, 1980, which, after a hearing, found petitioner guilty of neglect of duty and suspended him without pay, from June 7, 1980 to June 30, 1980. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The school district's determination that petitioner was guilty of neglect of duty is supported by substantial evidence (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). The penalty imposed (suspension without pay for 23 days) was not so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Lazer, J. P., Gulotta, Cohalan and Bracken, JJ., concur.

■ In the Matter of ANN J. RUSSO, Appellant, v BOARD OF ESTIMATE OF THE CITY OF NEW YORK et al., Respondents, et al., Respondent. — In a proceeding pursuant to CPLR article 78 to review two determinations of the Board of Estimate of the City of New York, which, after a hearing, "disapproved" determinations of the Board of Standards and Appeals granting petitioner's application for variances, petitioner appeals from a judgment of the Supreme Court, Queens County (Graci, J.), dated December 17, 1980, which dismissed the petition. Judgment affirmed, without costs or disbursements. The Board of Estimate was correct in its determinations that the decisions of the Board of Standards and Appeals were not supported by substantial evidence. Petitioner failed to demonstrate that, in seeking area variances, she satisfied all the requirements of section 72-21 of the New York City Zoning Resolution (see, e.g., *Matter of Galin v Board of Estimate of City of N. Y.,* 72 AD2d 114, affd 52 NY2d 869). Damiani, J. P., Lazer, Gulotta and Margett, JJ., concur.